**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF NAVE SHIPPING S.A. AND THOME SHIP MANAGEMENT PTE LTD AS OWNERS, OWNERS *PRO HAC* VICE, OPERATORS, AND/OR MANAGERS OF THE M/T ATLANTIC ASPHALT, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **ADMIRALTY – RULE 9(h)**<br><br>**CIVIL ACTION NO. 26-2672**<br><br>**SECTION**<br><br>**JUDGE**<br><br>**MAGISTRATE JUDGE** |

**VERIFIED COMPLAINT FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW INTO COURT, through undersigned counsel, come Petitioners Nave Shipping S.A. and Thome Ship Management Pte Ltd as the alleged owners, owners *pro hac vice*, operators, and/or managers of the M/T ATLANTIC ASPHALT (sometimes referred to hereinafter as the "Vessel"), along with all of her pending freight, engines, tackle, gear, appurtenances, etc. *in rem* (collectively referred to as "Limitation Petitioners"); in a cause of exoneration from and/or limitation of liability pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, and in support thereof show as follows:

1.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1333 because this matter falls within the Court's exclusive admiralty jurisdiction. This is an admiralty action within the meaning of Federal Rule of Civil Procedure 9(h) and this action is filed pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.



PD.64846447.1

2.

Venue is proper in this District pursuant to Supplemental Rule F(9) because Limitation Petitioners have been sued in this District with respect to the casualty and the Vessel has been arrested in this District.

3.

Limitation Petitioner Nave Shipping S.A. ("Nave Shipping") is a foreign corporation organized and existing under the laws of Liberia, with its principal place of business outside the United States, and was, at all times material hereto, the owner of the Vessel.

4.

Limitation Petitioner Thome Ship Management Pte Ltd ("Thome Ship Management") is a foreign corporation organized and existing under the laws of Singapore, with its principal place of business outside the United States, and was, at all times material hereto, the ISM/SMS Manager and the Commercial Manager of the Vessel.

5.

The M/T ATLANTIC ASPHALT is a Marshall Islands flag asphalt/oil tanker vessel, bearing IMO Number 9798428. Prior to and at all times hereinafter described, Limitation Petitioners exercised due diligence to make and maintain the Vessel in all respects seaworthy, and at all times material hereto she was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which she was engaged.

6.

On or about November 13, 2026, the Vessel was navigating in the Mississippi River. That morning, she had received instructions to proceed to a terminal in the vicinity of Garyville, LA to receive cargo. The Vessel was not loaded with cargo at the time of the incident.

7.

On November 13, 2026, the Vessel was proceeding on her intended route on the Mississippi River in Orleans Parish, Louisiana, in a safe and customary manner when, suddenly and without warning, the Vessel lost steering.

8.

After the Vessel lost steering, she drifted to the east bank of the Mississippi River and collided with the M/V AMERICAN HERITAGE in the vicinity of the Thalia Street Terminal.

9.

At the time of filing the instant Complaint, multiple parties have asserted claims against the Vessel and/or Limitation Petitioners related to the casualty.

10.

Limitation Petitioners have instituted the instant concursus less than six months after the incident and this Complaint accordingly is timely filed pursuant to 46 U.S.C. § 30529(a).

11.

As of the filing of this Complaint, the following lawsuits have been filed against the Vessel and/or Limitation Petitioners related to the casualty:

- *Board of Commissioners of the Port of New Orleans v. M/V ATLANTIC ASPHALT, et al.*, No. 26-2611, in the United States District Court for the Eastern District of Louisiana.
- *Tashika McKnight, et al. v. Nave Shipping, S.A., et al.*, No. 26-2615, in the United States District Court for the Eastern District of Louisiana.

- *Ashby Frank v. Nave Shipping S.A., et al*., No. 26-2624, in the United States District Court for the Eastern District of Louisiana.
- *Joseph Sayers, et al. v. Nave Shipping, SA, et al.*, No. 26-02665, in the United States District Court for the Eastern District of Louisiana.
- *Victoria Imbach, et al. v. Nave Shipping SA*, 26-02668, in the United States District Court for the Eastern District of Louisiana.
- *Cedric Davillier, et al. v. Nave Shipping SA, et al*., No. 26-10786, in the Civil District Court for the Parish of Orleans, State of Louisiana.
- *Elizabeth Clymer, et al. v. Nave Shipping SA, et al.*, No. 26-10861, in the Civil District Court for the Parish of Orleans, State of Louisiana.

As of the filing of this Complaint, Limitation Petitioners have not been served with any of the foregoing lawsuits.

12.

In addition, the following potential claimants have notified Limitation Petitioners that they may assert claims against the Vessel and/or Limitation Petitioners related to the casualty:

- United States Army Corps of Engineers
- American Cruise Lines

13.

Other than the foregoing actual or potential claimants, Limitation Petitioners are, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims or liens against Limitation Petitioners or the M/T ATLANTIC ASPHALT arising out of the casualty.

14.

Any and all injuries, damages, and/or losses allegedly sustained by any person and/or entity arising out of the aforesaid voyage were not caused or contributed to by any fault, negligence or lack of due care on the part of Limitation Petitioners or any unseaworthiness or fault of the Vessel, nor any person in charge of her, nor any person for whom Limitation Petitioners were or are responsible. Limitation Petitioners were not aware of any steering issues with the Vessel at the time of the casualty and had no knowledge suggesting that such a failure was likely to occur. Limitation Petitioners reserve the right to amend and/or supplement this Complaint to specify further the absence of fault and negligence, if any, surrounding the above-described events when the facts surrounding the accident become fully known, and to prove them at the trial of this cause.

15.

The above-described injury, damages and/or losses, if any, and which are in all respects denied, were done, occasioned, and incurred without the design or neglect of Limitation Petitioners or anyone for whom Limitation Petitioners are or at any material time were responsible.

16.

The above-described injury, damages and/or losses, if any, and which are in all respects denied, were done, occasioned, and incurred without the privity or knowledge of Limitation Petitioners, the Vessel's master, or Limitation Petitioners' superintendents or management personnel.

17.

The entire aggregate amount or value of Limitation Petitioners' interest in the Vessel at the time of the casualty does not exceed the sum of US $24,500,000.00 (TWENTY-FOUR MILLION FIVE HUNDRED THOUSAND DOLLARS).

18.

The Vessel had no cargo on board at the time of the casualty and thus no pending freight.

19.

The Vessel sustained damages in the incident aforesaid, but the amount of damages cannot be ascertained at present.

20.

The amount of the claims that are reasonably anticipated to arise from the events in question exceeds, or may be alleged to exceed, the amount and value of Limitation Petitioners' interest in the Vessel immediately after the events in question and at the time of the termination of the voyage, and in her then pending freight.

21.

Limitation Petitioners desire to contest any liability of themselves and the Vessel for the injuries, damages and/or other losses allegedly sustained by those affected by the events in question, and for any and all losses and damages, if any, that occurred during the voyage in question. Limitation Petitioners further claim exoneration from or limitation of liability for any loss, injuries, and/or damages sustained by those affected, and for the claims that have been made and those claims which hereafter may be made by any other person, firm, corporation or other entity. Limitation Petitioners allege that they have valid defenses on the facts and on the law to the claims of any present and/or future claimant. Limitation Petitioners, without admitting, and rather affirmatively denying all liability, further claim the benefit of Limitation of Liability as provided in Chapter 305 of Title 46 of the United States Code, as well as Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or

supplementary thereto, and the rules of practice of this Honorable Court and of the Supreme Court of the United States.

22.

While not in any way admitting that Limitation Petitioners have any liability for the alleged injury, damages and/or losses allegedly occurring as described above, Limitation Petitioners hereby claim and reserve the right to contest in this or any other Court any liability therefor, either of Limitation Petitioners or the Vessel, and Limitation Petitioners claim and are entitled to have their liability, if any, limited to no more than the amount or value of their interest as aforesaid in the Vessel following the events in question.

23.

Limitation Petitioners are ready and willing to give a Stipulation of Value with sufficient surety for the payment into the Court's registry of the amount or value of their interest in the Vessel and then pending freight following the events in question, whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Honorable Court and subject to such Orders as the Court may direct.

24.

Limitation Petitioners hereby offer an *ad interim* stipulation in the form of a Letter of Undertaking (Exhibit "A") in the amount of US $24,500,000.00 (TWENTY-FOUR MILLION FIVE HUNDRED THOUSAND DOLLARS) representing the value of Limitation Petitioners' interest in the Vessel and her then pending freight at the end of the occurrence in question, and interest at the rate of 6% per annum. The *ad interim* stipulation is to stand in the place of a Stipulation of Value if the amount thereof is not contested by any Claimant herein. Limitation Petitioners stand ready and agree to comply with any other Order of the Court provided for in

Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure with respect to additional security which the Court may, from time to time, fix as necessary to carry out the provisions of the Limitation of Liability statutes as amended.

25.

If it later appears that Limitation Petitioners are or may be liable and the amount or value of their interest in the Vessel and her then pending freight, as aforesaid, is not sufficient to pay all losses in full, then claimant(s) shall share pro rata in the aforesaid sum, saving to claimant(s) any rights to priority he or they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the rules and practices of this Honorable Court herein.

WHEREFORE, PREMISES CONSIDERED, Limitation Petitioners pray:

(A) That the Court issue an Order approving the combined *Ad Interim* Stipulation with proper security for the payment into Court of the value of Limitation Petitioners' interest in the Vessel and her then pending freight at the termination of the voyage in question as set forth herein, whenever the same shall be determined and ordered by the Court, in addition to costs of Court and interest at the rate of 6% per annum, and that the Court order such increases and decreases in such stipulation as the Court may from time to time deem proper;

(B) That the Court make an Order directing the issuance of a Monition to all persons, firms, corporations, or other entities who might have any claim arising out of the voyage in question of the Vessel, citing them to file such claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Limitation Petitioners on or before the time fixed by the Court in the Monition or be forever

barred and permanently enjoined from making and filing any such claims, to make due proof of the respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint at or before a certain time to be fixed by the Monition;

(C) That an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of, or resulting from the above-described events and restraining the commencement or prosecution hereafter of any suit, action, or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Limitation Petitioners, the Vessel *in rem*, their agents, representatives, or underwriters, or any other person whatsoever for whom Limitation Petitioners may be responsible in respect of any claim or claims arising out of the aforesaid voyage of the Vessel;

(D) That the Court in this proceeding adjudge:

(i) That Limitation Petitioners are not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid occurrence or voyage of the Vessel, and that therefore the Vessel and Limitation Petitioners be and are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

(ii) Alternatively, if Limitation Petitioners shall be adjudged liable, then such liability be limited to no more than the amount or value of Limitation Petitioners' interest in the Vessel and her engines, tackle, gear, apparel, and then pending freight for the voyage in question, and that the money paid or

secured to be paid as aforesaid be divided pro rata among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Limitation Petitioners from all further liability.

(E) That Limitation Petitioners have such other and further relief, both in admiralty and in equity, to which they may be justly entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *<u>/s/ Michael F. Held</u>*

Kevin J. LaVie (Bar #14125)
Michael F. Held, T.A. (Bar #37466)
Arthur R. Kraatz (Bar #35194)
Carlos J. Saravia (Bar #37530)
Harrison M. Martin (Bar #39271)
Jonathan M. Henneberg (Bar #40815)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: kevin.lavie@phelps.com
Email: michael.held@phelps.com
Email: arthur.kraatz@phelps.com
Email: carlos.saravia@phelps.com
Email: harrison.martin@phelps.com
Email: jonathan.henneberg@phelps.com

**ATTORNEYS FOR LIMITATION PETITIONERS NAVE SHIPPING S.A. AND THOME SHIP MANAGEMENT PTE LTD AS OWNERS, OWNERS PRO HAC VICE, OPERATORS AND/OR MANAGERS OF THE M/T ATLANTIC ASPHALT, ALONG WITH ALL OF HER PENDING FREIGHT, ENGINES, TACKLE, GEAR, APPURTENANCES, ETC., IN REM**

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Michael F. Held, declare under penalty of perjury:

1. That I am one of the attorneys for Limitation Petitioners, Nave Shipping S.A. and Thome Ship Management Pte Ltd. ("Limitation Petitioners"), in this matter, and I make this verification on their behalf for the reason that no officer of said corporations is available in the district to sign same;

2. That I have read the above and foregoing Complaint for Exoneration from or Limitation of Liability, that all of the allegations of fact contained therein are true and correct to the best of my information, knowledge, and belief, and that the source of my knowledge and the grounds for my belief is information obtained from my client and investigation by me and my representatives; and

3. That I am specifically authorized by Limitation Petitioners to make this Verification on their behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2026.

MICHAEL F. HELD