**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN THE MATTER OF NAVE SHIPPING** | * | **CIVIL ACTION NO.: 26-2672** |
| **SHIPPING S.A. AND THOME SHIP** | * | |
| **MANAGEMENT PTE LTD AS OWNERS,** | * | **SECTION** |
| **OWNERS *PRO HOC VICE*,** | * | |
| **OPERATORS, AND/OR MANAGERS** | * | **JUDGE** |
| **OF THE M/T ATLANTIC ASPHALT,** | * | |
| **PETITIONING FOR EXONERATION** | * | **MAGISTRATE JUDGE** |
| **FROM OR LIMITATION OF LIABILITY** | * | |
| | * | |

*****************************************************************************

**ANSWER TO COMPLAINT IN LIMITATION AND CLAIM OF CEDRIC DAVILLIER**

**NOW INTO COURT**, through undersigned counsel, comes Claimant, **CEDRIC DAVILLIER,** and, under protest and without prejudice to his position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, for Answer and Claim to the Verified Complaint in Limitation filed by Nave Shipping S.A. and Thome Ship Management PTE LTD ("Limitation Complainants") as the alleged Owners, Owners *Pro Hoc Vice,* Operators, and/or Managers, of the M/T ATLANTIC ASPHALT, would respectfully show:

## I. ANSWER TO COMPLAINT

**COME NOW** Claimant, **CEDRIC DAVILLIER**, ("Claimant"), and, for Answer to the Verified Complaint in Limitation (Rec. Doc. 1, "Complaint"), under protest and without prejudice to the position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, would respectfully show:

1.1 Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies same.

1.2 Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies same.

1.3 Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies same.

1.4 Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies same.

1.5 Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies same.

1.6 Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies same.

1.7 Claimant denies the allegations in paragraph 7 of the Complaint, except to admit that the vessel apparently lost during.

1.8 Claimant admits the allegations in paragraph 8 of the Complaint.

1.9 Claimant admits the allegations in paragraph 9 of the Complaint.

1.10 The allegations of paragraph 10 of the Complaint contain statements and/or legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required, said allegations are denied.

1.11 Claimant is without sufficient knowledge or information to form a belief as to the truth of all allegations in paragraph 11 of the Complaint and therefore denies same.

1.12 Claimant is without sufficient knowledge or information to form a belief as to the truth of all allegations in paragraph 12 of the Complaint, and therefore denies same.

1.13 Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies same.

1.14 Claimant denies the allegations in paragraph 14 of the Complaint.

1.15 Claimant denies the allegations in paragraph 15 of the Complaint.

1.16 Claimant denies the allegations in paragraph 16 of the Complaint.

1.17 Claimant denies the allegations in paragraph 17 of the Complaint.

1.18 Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies same.

1.19 Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies same.

1.20 Claimant admits the allegations in paragraph 20 of the Complaint.

1.21 The allegations of paragraph 21 of the Complaint contain statements and/or legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required, said allegations are denied.

1.22 The allegations of paragraph 22 of the Complaint contain statements and/or legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required, said allegations are denied.

1.23 The allegations of paragraph 23 of the Complaint contain statements and/or legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required, said allegations are denied.

1.24 The allegations of paragraph 24 of the Complaint contain statements and/or legal conclusions for which no answer is required; however, in an abundance of caution, and to the

extent such an answer may be required, said allegations are denied; Claimant reserves the right to contest the valuation of the vessel.

1.25 The allegations of paragraph 25 of the Complaint contain statements and/or legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required, said allegations are denied.

1.26 The allegations contained in the paragraph beginning "WHEREFORE," and its sub-parts (A)-(E) do not require an answer; however, out of an abundance of caution, Claimant denies said paragraph and sub-parts. Claimant specifically denies that Limitation Complainants are entitled to exoneration from or limitation of liability.

## II. AFFIRMATIVE DEFENSES

2.1 The Complaint fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

2.2 Limitation Complainants are not entitled to exoneration from or limitation of liability.

2.3 Claimant's injuries and resultant damages were caused by the negligence and/or gross negligence, carelessness, fault and/or misconduct of Limitation Complainants.

2.4 Claimant's injuries and resultant damages were caused by the unseaworthiness of the M/T ATLANTIC ASPHALT, which will be shown at the trial of this matter and was known to Limitation Complainants. Said privity and knowledge bars exoneration from or limitation of liability herein.

2.5 Limitation Complainants had privity and knowledge of the negligence, fault and unseaworthiness, and are thus ineligible to seek limitation and/or exoneration.

2.6 The Limitation of Liability Act as applied herein is unconstitutional, depriving Claimant of rights to equal protection and due process of law and right to trial by jury.

2.7 On information and belief, the M/T ATLANTIC ASPHALT had a market value and/or freight then pending that far exceeds the value alleged by Limitation Complainants. This Court should accordingly appoint a commissioner in due course and conduct a hearing to ascertain the values at issue.

2.8 Claimant further alleges the Complaint should be denied due to the negligence and fault of Limitation Complainants, the unseaworthiness of the M/T ATLANTIC ASPHALT and the privity and knowledge of Limitation Complainants.

2.9 Claimant further alleges there was insurance coverage(s) on the vessel insuring Limitation Complainants in the event of an occurrence such as that which is the subject of Claimant's claim, and the proceeds of said insurance policy(ies) should be included in any limitation proceeding, in the event this Court determines that a limitation proceeding is appropriate and proper.

2.10 Claimant further alleges that Limitation Complainants failed to provide adequate security, both in form and amount, and, for that reason, the Complaint should be dismissed and/or limitation denied.

2.11 Without waiving the claim that Limitation Complainants are not entitled to exoneration from or limitation of liability, Claimant reserves the right to demand a trial by jury in the forum of Claimant's choice pursuant to the "saving to suitors" clause of the Judiciary Act of 1789, 28 U.S.C. §1333.

2.12 The amount of the limitation fund is insufficient.

**WHEREFORE, PREMISES CONSIDERED**, Claimant prays that the Verified Complaint for Exoneration from or Limitation of Liability be dismissed; alternatively, Claimant prays that the Court appoint a commissioner to appraise the vessel and that Claimant have judgment against Limitation Complainants for the full value of his claim; and for such other and further relief to which Claimant may be justly entitled.

## III. CLAIM FOR DAMAGES

**COMES NOW** Claimant CEDRIC DAVILLIER, who asserts a Claim for Damages, and would respectfully show:

3.1 Claimant, herein, **CEDRIC DAVILLIER**, is a person of the full age of majority domiciled in the Parish of Orleans, State of Louisiana.

3.2 Claimant was a first responder employed by the New Orleans Police Department.

3.3 At approximately 12:29 PM, the M/T ATLANTIC ASPHALT allided with the M/V AMERICAN HERITAGE, which was docked at the Thalia Street Terminal for disembarkation of passengers ("Subject Incident").

3.4 The allision caused the M/V AMERICAN HERITAGE to capsize and partially sink into the Mississippi River, causing numerous passengers and crew members aboard the M/V AMERICAN HERITAGE to require immediate emergency rescue and evacuation from the vessel, itself.

3.5 The allision resulted in the capsizing and partial sinking of the M/V AMERICAN HERITAGE into the Mississippi River further and caused numerous passengers and crew members aboard the M/V AMERICAN HERITAGE to abandon ship into the Mississippi River, thus necessitating their rescue from the river's perilous waters.

3.6 Claimant, **CEDRIC DAVILLIER,** responded to the scene and immediately

engaged in emergency efforts to rescue passengers and crew members aboard the M/V AMERICAN HERITAGE as well as passengers and crew members of the M/V AMERICAN HERITAGE that abandoned ship into the waters of the Mississippi River.

3.7 As a direct and proximate result of the allision, Claimant suffered significant and life changing injuries to his mind and body.

3.8 The injuries sustained by Claimant herein were caused by the fault, negligence, carelessness, and omission of duty on the part of Limitation Complainants without any fault, negligence, carelessness, and omission of duty on the part of Claimant.

3.9 Claimant's injuries and damages were caused solely, proximately, and exclusively by the negligence, gross negligence, carelessness and/or fault of Limitation Complainants (and potentially other parties not yet identified with responsibility for the operation, condition, crewing, and seaworthiness of the M/T ATLANTIC ASPHALT) in the following non-exclusive particulars:

a. The M/T ATLANTIC ASPHAULT was unseaworthy;
b. The M/T ATLANTIC ASPHAULT's crew was incompetent and/or improperly trained;
c. Negligent entrustment of the M/T ATLANTIC ASPHAULT to a master and crew that it knew was incapable of safely operating and/or maintaining the vessel;
d. The crew of the M/T ATLANTIC ASPHAULT and its management and owners were negligent in their operation, maintenance, and repair of the vessel;
e. Failure to operate the M/T ATLANTIC ASPHAULT with reasonable caution;
f. Failure to account for natural forces such as wind and current to make proper and judicious use of proper navigational techniques to safely maneuver the M/T ATLANTIC ASPHAULT;
g. Failure to provide proper and adequate equipment to the captain and his fellow crew members to properly perform their duties and/or properly navigate the M/T ATLANTIC ASPHAULT;
h. Failure to maintain the M/T ATLANTIC ASPHAULT and its equipment and/or appurtenances in a safe and reasonable state of repair;
i. Failure to perform adequate safety meetings and analyses to identify and minimize the risk to Claimant and others in case of a steering and/or power failure;
j. Failure to assess the conditions of the Mississippi River prior to dispatching the

M/T ATLANTIC ASPHAULT from port;

k. Failure to have an emergency plan in the event the captain and/or crew loses control of the vessel;
l. Failure to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Claimant;
m. Failure to observe the standard of good and prudent seamanship and to exercise and to exercise reasonable care to avoid the allision and the Subject Incident; and
n. Other negligent acts, omissions, and unseaworthy conditions imputed to Limitation Complainants, which will be established at the trial of this matter.

3.10 At all times pertinent hereto, the M/T ATLANTIC ASPHAULT was unseaworthy in one or more of the following respects, to-wit:

a. The vessel and its equipment and/or appurtenances were not safe for the performance of the operations in question;
b. The vessel and its equipment and/or appurtenances were not reasonably fit for its intended purpose;
c. The vessel and its equipment and/or appurtenances were inadequately maintained; The M/T ATLANTIC ASPHAULT's crew was incompetent and/or improperly trained;
d. Other unseaworthy conditions to be determined at a trial of this action.

3.11 The foregoing acts of negligence, omissions, breaches of statutory duties, and unseaworthy conditions all occurred with the privity and knowledge of the Limitation Complainants; additionally said acts and omissions of the those responsible for the management, operation, and/or maintenance of the vessel and officers, directors, managers, and other persons responsible for the Limitation Complaints were so gross, callous, willful, and indifferent as to give rise to punitive damages under the General Maritime Law.

3.12 Claimant expressly alleges that Limitation Complainants had a statutory duty to comply with (inter alia) the Inland Navigation Rules (33 C.F.R. 83.01 et seq.) and that Limitation Complainants breached that duty by, among other things, failing to use all available means to avoid the risk of allision and by other acts or omissions which will be shown at trial.

3.13 These acts or omissions, as well as other violations of statutory safety or

navigational rules caused the M/T ATLANTIC ASPHALT to allide with the M/V AMERICAN HERITAGE.

3.14 Claimant further alleges and pleads that, since the M/T ATLANTIC ASPHALT allided with the M/V AMERICAN HERITAGE while said vessel was moored and stationary, a presumption of fault also arises pursuant to *The Oregon*, 158 U.S. 186 (1895) for injuries and damages caused by and/or resulting from the allision.

3.15 Claimant further expressly alleges that a presumption of fault exists against Limitation Complainants for the allision and Claimant's injuries and damages pursuant to the "The Louisiana Rule" since the M/T ATLANTIC ASPHALT was adrift when it allided with the moored and stationary M/V AMERICAN HERITAGE.

3.16 As a result of the foregoing and Limitation Complainants' fault, Claimant, **CEDRIC DAVILLIER**, suffered the following non-exclusive list of injuries and damages and is entitled to recover from Limitation Complainants, jointly and in solido unto Claimant:

a. Past and future physical pain and suffering;
b. Past and future mental and emotional pain and suffering;
c. Past and future medical expenses;
d. Past and future loss of enjoyment of life;
e. Past and future lost wages;
f. Loss of earning capacity;
g. Fear of impending doom;
h. Punitive damages as available under the General Maritime Law; and
i. Other elements of damages to be proven at the trial of this matter.

3.17 Due to the negligence, carelessness and fault of Limitation Complainants, as the alleged owners, managers and/or operators of the vessel, and the unseaworthiness thereof, all of which were within Limitation Complainants' privity and knowledge, Claimant sustained injuries and damages. Limitation Complainants are therefore liable, directly and vicariously, for

the negligence of their employees, agents and representatives, and the unseaworthiness of the vessel.

3.18 Claimant's injuries and resultant damages were p Hoping to finish a new file in a bunch of lawsuits roximately caused by the negligence, gross negligence, carelessness and fault of Limitation Complainants, as the alleged owners, managers and operators of the vessel, which were within Limitation Complainants' privity and knowledge. Limitation Complainants are therefore liable, directly and vicariously, for the negligence and/or gross negligence of their employees, agents and representatives in this regard.

3.19 Additionally Claimant's injuries and resultant damages were due to the unseaworthiness of the vessel, her equipment, gear, machinery, appurtenances and tackle.

3.20 Nothing Claimant did, or failed to do, caused or in any way contributed to cause Claimant's injuries and resultant damages

3.21 Claimant's damages are unliquidated at this time but will exceed the alleged value of the vessel herein and any freight then pending.

3.22 These claims are being made under protest and without prejudice to Claimant's position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed.

3.23 These claims are being made without prejudice to Claimant's challenging the sufficiency of Limitation Complainants' limitation fund by written motion and/or moving this Honorable Court for an order to increase the value of Limitation Complainants' limitation fund.

## IV. JURY DEMAND

3.24 Claimant demands a trial by jury on these claims herein.

**WHEREFORE,** Claimant prays:

(a) that the Verified Complaint in Limitation be dismissed; or, alternatively,

(b) that the Verified Complaint in Limitation be denied, rendering judgment in favor of Claimant and against Limitation Complainants, specifically finding liability and denying the right to limit liability and/or exoneration;

(c) Claimant's rights under the "Savings to Suitors" Clause be recognized;

(d) that, alternatively, should this Court retain jurisdiction to determine Claimant's entitlement to damages, that judgment be rendered in Claimant's favor, and against Limitation Complainants, for a sum appropriate, plus legal interest from date of the allision, all costs of these proceedings, including expert costs, together with all reasonable attorney's fees, punitive damages, and all other general and equitable relief to which Claimant may show herself entitled.

Respectfully submitted,

**LEGER & SHAW**

**By:** ______________________________
**WALTER J. LEGER, JR., BAR NO. 08278(T.A.)**
**FRANKLIN G. SHAW, BAR NO. 1594**
**MATTHEW S. LANDRY, BAR NO. 36543**
935 Gravier Street, Suite 2150
New Orleans, LA 70112
Telephone: (504) 588-9043
Facsimile: (504) 588-9980
wleger@legershaw.com
fshaw@legershaw.com
mlandry@legershaw.com

and

**ALVENDIA, KELLY & DEMAREST, LLC**

**//S// Barrett R. Stephens**
**RODERICK "RICO" ALVENDIA, 25554**
**JEANNE K. DEMAREST, 23032**
**BARRETT R. STEPHENS, 31331**
909 Poydras Street, Suite 1625

New Orleans, Louisiana 70112
Telephone: (504) 200-0000
Facsimile: (504) 200-0001
rico@akdlalaw.com
jeanne@akdlalaw.com
barrett@akdlalaw.com

-and-

**IRPINO, AVIN, & HAWKINS**

**//S// Anthony D. Irpino**
**ANTHONY D. IRPINO, 24727**
**IRPINO, AVIN & HAWKINS**
2216 Magazine Street
New Orleans, LA 70130
Tel: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

ATTORNEYS FOR CLAIMANT,
CEDRIC DAVILLIER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this 22ND of November, 2026, automatically accomplished on all counsel of record through the Notice of Electronic Filing (CM/ECF system), in accordance with the Federal Rules of Civil Procedure.

______________________________
Walter J. Leger, Jr.