UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF NAVE SHIPPING S.A. AND THOME SHIP MANAGEMENT PTE LTD AS OWNERS, OWNERS *PRO HAC VICE,* AND OPERATORS, AND/OR MANAGERS OF THE M/T ATLANTIC ASPHALT, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * | ADMIRALTY – RULE 9(H)<br>CIVIL ACTION NO.: 26-2672<br>JUDGE WENDY B. VITTER<br>MAGISTRATE JUDGE KAREN WELLS ROBY |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER AND CLAIM OF**
**CERTAIN UNDERWRITERS OF AMERICAN CRUISE LINES, INC.**

**NOW INTO COURT,** through undersigned counsel, come Certain Underwriters of American Cruise Lines, Inc., subscribing to a Marine Package Insurance Policy, with Unique Market Reference B174013288TL26000 ("Certain Underwriters"), who file this Answer to the Verified Complaint in Limitation of Nave Shipping S.A. and Thome Ship Management PTD Ltd., and the M/T ATLANTIC ASPHALT *in rem* (collectively referred to as "Limitation Petitioners"), and who also file Certain Underwriters' Claim in this Limitation action, and represent as follows:

**ANSWER**

**FIRST DEFENSE**

Limitation Petitioners' Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The security posted by Limitation Petitioners is legally insufficient, and limitation should be denied because the fund is inadequate, or, alternatively, Limitation Petitioners should be ordered to increase the limitation fund to comply with the requirements of Rule F(1) of the Supplemental Rules for Certain Admiralty or Maritime Claims and ask for forfeiture actions ("Supplemental Admiralty Rules").

**THIRD DEFENSE**

**AND NOW,** for answer to the allegations of Limitation Petitioners' Complaint in Limitation, Certain Underwriters aver as follows:

1.

The allegations contained in Article 1 of the Complaint are admitted.

2.

The allegations contained in Article 2 of the Complaint are admitted.

3.

The allegations contained in Article 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Article 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Article 5 of the Complaint are denied.

6.

The allegations contained in Article 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Article 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

Certain Underwriters admit that on November 13, 2026, the M/T ATLANTIC ASPHALT allided with the M/V AMERICAN HERITAGE on the Mississippi River in the vicinity of Thalia Street Terminal, New Orleans, Louisiana. Except as admitted, the remaining allegations contained in Article 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Article 9 of the Complaint are admitted.

10.

The allegations contained in Article 10 of the Complaint are admitted.

11.

The allegations contained in Article 11 of the Complaint are admitted to the extent that numerous lawsuits have been filed against the M/T ATLANTIC ASPHALT and/or Limitation Petitioners related to the casualty. The remaining allegations contained in Article 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Article 12 of the Complaint are admitted to the extent that American Cruise Lines and her various insurers have notified Limitation Petitioners that they intend to assert claims against the vessel and/or Limitation Petitioners related to the casualty. The remaining allegations contained in Article 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Article 13 of the Complaint contain allegations for which no response is required; however, to the extent an answer is required, they are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Article 14 of the Complaint are denied.

15.

The allegations contained in Article 15 of the Complaint are denied.

16.

The allegations contained in Article 16 of the Complaint are denied.

17.

The allegations contained in Article 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Article 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Article 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Article 20 of the Complaint are admitted.

21.

The allegations contained in Article 21 of the Complaint are denied.

22.

The allegations contained in Article 22 of the Complaint are denied.

23.

The allegations contained in Article 23 of the Complaint contain allegations for which no response is required however, to the extent an answer is required, these allegations are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Article 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Article 25 of the Complaint contain allegations for which no response is required however, to the extent an answer is required, these allegations are denied for lack of sufficient information to justify a belief therein.

26.

Certain Underwriters deny the prayer for relief and unnumbered allegations in the Complaint.

## **FOURTH DEFENSE**

The Complaint fails to adequately satisfy the provisions of the Limitation of Liability Act of 1851 and the Supplemental Rules for Admiralty Maritime Cases, as it does not set forth the details of the voyage, including its commencement, duration, and completion.

## **FIFTH DEFENSE**

The November 13, 2026, incident which forms the basis of Limitation Petitioners' Complaint was caused by the sole negligence of the Limitation Petitioners, including their

principals, agents, servants and/or employees, and is the direct and proximate result of unseaworthy conditions existing aboard the M/V ATLANTIC ASPHALT. Limitation Petitioners had privity and knowledge of the negligence, unseaworthiness, and fault prior to the allision and are, therefore, precluded from limiting their liability. For these and other reasons, Limitation Petitioners are not entitled to limit their liability pursuant to the specific provisions of the Limitation of Liability Act of 1851, 46 U.S.C. §30501, et seq.

**SIXTH DEFENSE**

The limitation fund and/or Letter of Undertaking provided by Limitation Petitioners insurer, Gard P&I (Bermuda, Ltd.), is inadequate and does not reflect the true value of the M/T ATLANTIC ASPHALT and her pending freight. Certain Underwriters reserve their right to challenge the security and seek an increase accordingly. Moreover, the Complaint should be dismissed for failure to post adequate security equal to the fair market value of the vessel and her pending freight at the time of the incident.

**SEVENTH DEFENSE**

Certain Underwriters invoke and plead the application of the *Louisiana,* the *Oregon* and the *Pennsylvania Rules.*

**THE CLAIM OF**
**CERTAIN UNDERWRITERS OF AMERICAN CRUISE LINES, INC.**

**AND NOW,** Certain Underwriters of American Cruise Lines, Inc. assert this Claim against the M/T ATLANTIC ASPHALT, *in rem*, and Nave Shipping S.A., and Thome Ship Management PTE LTD *in personam*, and respectfully aver:

I.

This is an Admiralty and Maritime Claim within the meaning of 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

II.

Venue is proper in this judicial district because the events giving rise to this Claim occurred in this district.

III.

Certain Underwriters were at all times foreign organizations and underwriters of insurance policies. These Underwriters subscribed to a Marine Package Insurance with Unique Market Reference B174013288TL26000. Specifically, Certain Underwriters provided a policy of Hull & Machinery Insurance to American Cruise Lines, Inc.

IV.

American Cruise Lines, Inc. was, at all pertinent times, the owner of the M/V AMERICAN HERITAGE, a U.S. flagged passenger vessel VIN No. 1257187, Call Sign WDP9828, with an overall length of 230.60 feet, a breadth of 49.20 feet and gross tonnage of 3,506.

V.

On November 13, 2026, the M/V AMERICAN HERITAGE was berthed at the Port of New Orleans, Louisiana, U.S.A., at the Thalia Street Wharf.

VI.

At approximately 12:30 p.m. on November 13, 2026, the M/T ATLANTIC ASPHALT was proceeding upriver under the Crescent City Connection Bridge, when it veered hard to starboard, crossing the Mississippi River and alluding with the M/V AMERICAN HERITAGE at the Thalia Street Wharf.

VII.

As a result of the allision, the M/V AMERICAN HERITAGE immediately initiated evacuation of passengers and crew as it took on water and ultimately capsized at its berth, coming to rest on its portside, partially submerged.

VIII.

The allision rendered the M/V AMERICAN HERITAGE a constructive total loss. As a result, Certain Underwriters have agreed to pay the full Hull & Machinery agreed insured value of USD $22,000,000 as well as associated salvage and sue and labor costs which are yet to be determined.

IX.

This allision was caused solely by the fault, neglect and/or lack of due care on the part of Limitation Petitioners and the unseaworthiness of the M/T ATLANTIC ASPHALT, all of which were within the privity and knowledge of Limitation Petitioners, including, but not limited to:

1. Operating the M/T AMERICAN ASPHALT in a negligent and unseaworthy manner;
2. Failure to provide a properly trained and competent crew to operate the M/T ATLANTIC ASPHALT;
3. Failing to properly maintain the steering control systems on the M/T ATLANTIC ASPHALT;
4. Failing to properly repair the steering control systems on the M/T ATLANTIC ASPHALT;
5. Failing to properly train the captain, officers and crew of the M/T ATLANTIC ASPHALT;
6. Failure of the captain, officers and crew of the M/T ATLANTIC ASPHLAT to properly navigate, keep watch and control the vessel;

7. Failure of the captain and crew to exercise reasonable care in the operation of the M/T ATLANTIC ASPHALT;
8. Failure of the captain and crew of the M/T ATLANTIC ASPHALT to take necessary evasive maneuvers to avoid allision with the M/V AMERICAN HERITAGE;
9. The unseaworthiness of the M/T ATLANTIC ASPHALT, including but not limited to the faulty steering control systems; and
10. Other acts of negligence and/or unseaworthiness to be established at the trial of this matter.

X.

Limitation Petitioners, as owner and operator of the M/T ATLANTIC ASPHALT, *in personam,* and the M/T ATLANTIC ASPHALT *in rem,* are presumed to be at fault for the M/T ATLANTIC ASPHALT'S allision with the M/V AMERICAN HERITIAGE under the application of the *Oregon Rule* and/or the *Louisiana Rule.*

XI.

Based on the foregoing, Certain Underwriters are entitled to a judgment holding defendant, Limitation Petitioners, *in personam,* and the M/T ATLANTIC ASPHALT *in rem* solidarily liable for all damages sustained by Certain Underwriters and described herein.

XII.

Certain Underwriters are legally and equitably subrogated to American Cruise Lines, Inc. for payments that have been made or will be made as a result of the negligence, unseaworthiness and/or fault of the M/T ATLANTIC ASPHALT and Limitation Petitioners.

WHEREFORE, premises considered, Certain Underwriters subscribing to a Marine Package Insurance Policy, with Unique Market Reference B174013288TL26000, pray: (1) that their Answer be deemed good and sufficient; (2) that their Claim be allowed and recognized by

this Court; (3) after due proceedings, this Honorable Court enter judgment in favor of Certain Underwriters and against Nave Shipping S.A. and Thome Ship Management PTE LTD, and the M/T ATLANTIC ASPHALT *in rem* and ordering Nave Shipping S.A. and Thome Ship Management PTE LTD, and the M/T ATLANTIC ASPHALT *in rem* to pay Certain Underwriters the full measure of their damages in this cause, inclusive of pre-judgment interest and all court costs, and dismissing the Limitation Complaint seeking exoneration from or limitation of liability without Limitation Petitioners having the benefit and protection of the Limitation of Liability Act; and (4) for all general and equitable relief as the laws and nature of the case may allows.

Respectfully submitted,

**STAINES, EPPLING & KENNEY, LLC**

*/s/ C. Barrett Rice*

**ANTHONY J. STAINES (#12388)**
**JASON R. KENNEY (#29933)**
**JAMES A. CROUCH, JR. (#35729)**
**C. BARRETT RICE (#30034)**
3500 North Causeway Blvd., Suite 820
Metairie, LA 70002
Telephone: (504) 838-0019
Fax: (504) 838-0043
Emails: tony@seklaw.com
jason@seklaw.com
james@seklaw.com
barrett@seklaw.com
*Counsel for* Certain Underwriters of American Cruise Lines, Inc., subscribing to a Marine Package Insurance Policy, with Unique Market Reference B174013288TL26000