**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF NAVE SHIPPING S.A. AND THOME SHIP MANAGEMENT PTE LTD AS OWNERS, OWNERS PRO HAC VICE, OPERATORS, AND/OR MANAGERS OF THE M/T ATLANTIC ASPHALT, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO. 26-2672**<br><br>**DISTRICT JUDGE VITTER**<br><br>**MAGISTRATE JUDGE ROBY** |

**ANSWER TO VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW INTO COURT, through undersigned counsel, come Claimants, Tashika McKnight, Lequan Askew, Paulina Ward, Zayvion Strozier, Ashley Colis, Matthew Horensten, and Nicholas Baldwin, who under protest and without prejudice to their position that this exoneration from or limitation of liability proceeding is improper and should be dismissed, for their Answer and Claim to the Verified Complaint for Exoneration from or Limitation of Liability (hereinafter "Limitation Complaint") filed by Nave Shipping S.A. and Thome Ship Management PTE LTD as owners, owners *pro hac vice*, operators, and/or managers of the M/T ATLANTIC ASPHALT (collectively, "Limitation Petitioners"), respectfully assert as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The allegations of the Limitation Complaint fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Limitation Petitioners lack standing to the extent it is determined that Nave Shipping S.A. and/or Thome Ship Management PTE LTD are not owners of the M/T ATLANTIC ASPHALT.

Pursuant to the provisions of 46 U.S.C. § 30501, *et seq.,* only a vessel owner has standing to assert a claim for limitation of liability.

**THIRD DEFENSE**

The M/T ATLANTIC ASPHALT was operated in a reckless and wanton manner on or about November 13, 2026.

**FOURTH DEFENSE**

The M/T ATLANTIC ASPHALT was unseaworthy on or about November 13, 2026.

**FIFTH DEFENSE**

Prior to the allision of the M/T ATLANTIC ASPHALT with the M/V AMERICAN HERITAGE on or about November 13, 2026 (hereinafter, the "Incident"), Limitation Petitioners knew or should have known of the unseaworthiness of the M/T ATLANTIC ASPHALT and/or the negligent conduct of the Limitation Petitioners and their crew that caused the Incident and those facts were within Limitation Petitioners' privity and knowledge. Limitation Petitioners are accordingly not entitled to limitation of liability and other protections under the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

**SIXTH DEFENSE**

The negligence of Limitation Petitioners, their agents and employees caused and/or contributed to the reckless and wanton operation of the M/T ATLANTIC ASPHALT.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all times pertinent herein, the M/T ATLANTIC ASPHALT was known by the owner and/or owner *pro hac vice* thereof to be unseaworthy, and said condition or conditions of unseaworthiness existed at or before the commencement of the casualty voyage.

**EIGHTH DEFENSE**

Limitation Petitioners are not entitled to exoneration from or limitation of liability in these proceedings because they were themselves negligent in their ownership, management, operational control, and/or maintenance of the M/T ATLANTIC ASPHALT.

**NINTH DEFENSE**

Claimants assert the flotilla doctrine. The limitation fund is inadequate and the Limitation Complaint should be dismissed because Limitation Petitioners have failed to accurately identify all of the vessels in the flotilla, which were under common operational control, supervision, and enterprise. In addition and/or the alternative, Limitation Petitioners should be required to deposit adequate security for the additional vessels within the flotilla, including pending freight, into the limitation fund.

**TENTH DEFENSE**

Claimants further affirmatively allege there was insurance coverage(s) on the M/T ATLANTIC ASPHALT insuring the M/T ATLANTIC ASPHALT and Limitation Petitioners in the event of an occurrence such as that which is the subject of Claimants' claims, and all proceeds and/or available coverage under said insurance policy(ies) should be included in any limitation proceeding, in the event this Court determines that a limitation proceeding is appropriate and proper, which is specifically denied.

**ELEVENTH DEFENSE**

Claimants state that the proceeds of any judgment, award, or settlement which may be received by any of the Limitation Petitioners from any third party for any losses or damages

sustained herein to the property or interests of the Limitation Petitioners as a result of the fault or alleged fault of said party, must be included in the limitation fund.

**TWELFTH DEFENSE**

Upon information and belief, the security posted herein is legally insufficient, including because of the failure to include the value of all pending freight, any contracts pursuant to which the M/T ATLANTIC ASPHALT was operating at the time of the incident, other vessels within the fleet or flotilla, and/or any insurance proceeds. Moreover, the M/T ATLANTIC ASPHALT has a market value that far exceeds that alleged by the Limitation Petitioners. The limitation fund is therefore inadequate, and the value of the Limitation Petitioners' interest in the M/T ATLANTIC ASPHALT, her pending freight, insurance proceeds, and fleet sister vessels is far greater than the value alleged by the Limitation Petitioners and the security and ad interim stipulation. As such, this Court should dismiss the Limitation Complaint as legally deficient or, alternatively, appoint a commissioner and conduct a hearing to ascertain the true values at issue. Claimants likewise reserve the right to contest and traverse the Limitation Petitioners' stipulation of value and adequacy of security posted.

**THIRTEENTH DEFENSE**

To the extent that Limitation Petitioners' insurer(s) attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act does not apply to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**FOURTEENTH DEFENSE**

Claimants reserve the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether the Limitation Petitioners were negligent, whether the vessel

was unseaworthy, and whether such negligence and/or unseaworthiness was within the privity and/or knowledge of the Limitation Petitioners. All other fact issues shall be decided in a court and/or forum of Claimants' choosing as is Claimants' right under the Savings to Suitors clause and/or general maritime law.

**FIFTEENTH DEFENSE**

Claimants further allege that Limitation Petitioners failed to provide adequate security, both in form and amount, and for that reason the Limitation Complaint should be dismissed.

**SIXTEENTH DEFENSE**

Pursuant to the "*Oregon* Rule" of maritime law, a legal presumption of negligence exists where a moving vessel allides with a stationary object. *The Oregon*, 158 U.S. 186 (1895). That presumption is implicated here because the M/T ATLANTIC ASPHALT struck the M/V AMERICAN HERITAGE in her moorings.

**SEVENTEENTH DEFENSE**

Pursuant to the "*Pennsylvania* Rule" of maritime law, a legal presumption of negligence exists where the vessel violates a statutory or navigation rule. *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873). That presumption applies here because, upon information and belief, the M/T ASPHALT's allision with the M/V AMERICAN HERITAGE was caused by, among other things, the Limitation Petitioners' violation of statutory safety and/or navigational rules.

**EIGHTEENTH DEFENSE**

Pursuant to the "*Louisiana* Rule" of maritime law, a legal presumption of negligence exists where a vessel drifts into a stationary object. *The Louisiana*, 70 U.S. (3 Wall.) 164 (1866). That presumption is implicated here because the M/T ATLANTIC ASPHALT struck and/or drifted into the M/V AMERICAN HERITAGE in her moorings.

**NINETEENTH DEFENSE**

Claimants specifically reserve all rights to pursue all available claims in the forum of their choice, including but not limited to those claims asserted in the action of *Tashika McKnight, et al. v. Nave Shipping, S.A., et al.,* No. 26-2615, in the United States District Court for the Eastern District of Louisiana, for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to 46 U.S.C. § 30501, *et seq.*, 28 U.S.C. § 1333, state law, and/or the general maritime law. The filing of this Answer and Claim in no way constitutes a waiver of these rights, an agreement to join all issues in this proceeding, or a waiver of Claimants' rights to have their claims heard by a jury.

**TWENTIETH DEFENSE**

The events culminating in the Incident were not a result of any negligence, fault, or want of due care on the part of Claimants or those for whom they may be responsible.

**ANSWER**

Claimants, for answer to the Limitation Complaint, under protest and without prejudice to their position that this exoneration from or limitation of liability proceeding is improper and should be dismissed, and while reserving their right to proceed in a court and/or forum of their choosing, respectfully assert as follows:

1.

The allegations of Paragraph 1 of the Limitation Complaint assert a legal conclusion for which no response is required. To the extent a response is required, Claimants deny that this Court's jurisdiction over this matter is proper because Limitation Petitioners do not qualify for the

protections and procedures set forth under 46 U.S.C. § 30501, *et seq.* All other allegations are denied.

2.

The allegations of Paragraph 2 of the Limitation Complaint assert a legal conclusion for which no response is required. To the extent a response is required, Claimants deny that this Court's jurisdiction over this matter is proper because Limitation Petitioners do not qualify for the protections and procedures set forth under 46 U.S.C. § 30501, *et seq.* Subject to and without waiving the foregoing, Claimants admit that casualty occurred, and the M/T ATLANTIC ASPHALT, was arrested in this district, rendering venue proper in this district. All allegations not specifically admitted are denied.

3.

The allegations of Paragraph 3 of the Limitation Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

4.

The allegations of Paragraph 4 of the Limitation Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

5.

Upon information and belief, Claimants admit that the M/T ATLANTIC ASPHALT is a Marshall Islands flag asphalt/oil tanker vessel, bearing IMO Number 9798428. All other allegations in Paragraph 5 of the Limitation Complaint are denied.

6.

The allegations of Paragraph 6 of the Limitation Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

7.

The allegations of Paragraph 7 of the Limitation Complaint are denied.

8.

Claimants admit that the M/T ATLANTIC ASPHALT allided with the M/V AMERICAN HERITAGE. All other statements in Paragraph 8 of the Limitation Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

9.

Upon information and belief, Paragraph 9 is admitted insofar as it alleges that parties have filed claims against the Limitation Petitioners.

10.

The allegations of Paragraph 10 of the Limitation Complaint assert a legal conclusion for which no response is required. To the extent a response is required, Claimants deny that this Court's jurisdiction over this matter is proper because Limitation Petitioners do not qualify for the protections and procedures set forth under 46 U.S.C. § 30501, *et seq.* Subject to and without waiving the foregoing, Claimants admit that this action was filed within six months of the Incident.

11.

Claimants admit that the specifically described lawsuits in Paragraph 11 were filed against the Vessel and/or the Limitation Petitioners. Claimants deny the last sentence of Paragraph 11 for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

12.

The allegations of Paragraph 12 of the Limitation Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

13.

The allegations of Paragraph 13 of the Limitation Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

14.

The allegations of Paragraph 14 of the Limitation Complaint are denied.

15.

The allegations of Paragraph 15 of the Limitation Complaint are denied.

16.

The allegations of Paragraph 16 of the Limitation Complaint are denied.

17.

The allegations of Paragraph 17 of the Limitation Complaint are denied.

18.

The allegations of Paragraph 18 of the Limitation Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

19.

The allegations of Paragraph 19 of the Limitation Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

20.

The allegations of Paragraph 20 of the Limitation Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

21.

The allegations of paragraph 21 of the Limitation Complaint are denied.

22.

Claimants deny that Limitation Petitioners are entitled to contest liability and have their liability limited to the value of the M/T ATLANTIC ASPHALT. The remaining allegations of Paragraph 22 of the Limitation Complaint are also denied.

23.

The allegations of Paragraph 23 of the Limitation Complaint relate to the mental impressions of the Limitation Petitioners to which no response is required. To the extent a response is deemed necessary, the allegations of Paragraph 23 are denied.

24.

Claimants deny that the Letter of Undertaking offered by Limitation Petitioners is legally sufficient and further contest that Limitation Petitioners are entitled to limit their liability in any way or to any amount that may hereafter be offered. All remaining allegations in Paragraph 24 are denied.

25.

Claimants deny that the Letter of Undertaking offered by Limitation Petitioners is legally sufficient and further contest that Limitation Petitioners are entitled to limit their liability in any way or to any amount that may hereafter be offered. Claimants thus deny that Limitation Petitioners are able to limit their liability to the amount or value of their interest in the M/T ATLANTIC ASPHALT or that a pro rata distribution of funds to Claimants is or could be appropriate as it relates to claims arising from the Incident. All remaining allegations of Paragraph 25 are denied.

26.

Claimants deny that Limitation Petitioners are entitled to any relief prayed for in the "WHEREFORE" Paragraph of the Limitation Complaint.

**CLAIMS**

AND NOW, specifically reserving all defenses asserted herein, including the validity of the limitation proceeding, the adequacy of the limitation fund, and the right of Claimants to proceed in a court and/or forum of their choosing, in accordance with the provisions of Supplemental Rule F(5) of the Federal Rules of Civil Procedure, respectfully assert the following claims against Nave Shipping S.A. ("Nave Shipping") and Thome Ship Management PTE LTD ("Thome") (collectively, "Limitation Petitioners") and assert as follows.

1.

Claimants incorporate by reference the facts and allegations found in their Affirmative Defenses and in Paragraphs 1-26 of their Answer as if the same were fully set forth herein.

2.

Claimants herein are:

a) Tashika McKnight, a person of the full age of majority, domiciled in the city of Atlanta, County of Fulton, State of Georgia.

b) Lequan Askew, a person of the full age of majority, domiciled in the city of Rocky Mount, County of Nash, State of North Carolina.

c) Paulina Ward, a person of the full age of majority, domiciled in the city of Spokane, County of Spokane, State of Washington.

d) Zayvion Strozier, a person of the full age of majority, domiciled in the city of Lawrenceville, County of Gwinnett, State of Georgia.

e) Ashley Colis, a person of the full age of majority, domiciled in the city of Fort Valley, County of Peach, State of Georgia.

f) Matthew Horensten, a person of the full age of majority, domiciled in the city of Vero Beach, County of Indian River, State of Florida.

g) Nicholas Baldwin, a person of the full age of majority, domiciled in the city of Lake City, County of Columbia, State of Florida.

3.

On November 13, 2026, Claimants were crew members aboard the M/V AMERICAN HERITAGE, a river boat owned and/or operated by American Cruise Lines, Inc. At all times material herein, the M/V AMERICAN HERITAGE was a vessel located in the Mississippi River, a navigable waterway of the United States of America.

4.

On November 13, 2026, the M/T ATLANTIC ASPHALT, a 525 foot asphalt tanker owned Nave Shipping and managed and/or operated by Thome, left port and began traveling up the Mississippi River.

5.

At all times pertinent hereto, upon information and belief, Nave Shipping was the registered owner, ship manager, and commercial manager of the M/T ATLANTIC ASPHALT and Thome was the manager and/or operator of the M/T ATLANTIC ASPHALT responsible for the effective implementation of the "International Safety Management" Code aboard the M/T ATLANTIC ASPHALT.

6.

At approximately 12:29 PM, the M/T ATLANTIC ASPHALT allided with the M/V AMERICAN HERITAGE, which was docked at the Thalia Street Terminal for disembarkation of passengers, just upriver from the Crescent City Connection Bridge (the "Incident").

7.

The allision caused the M/V AMERICAN HERITAGE to capsize and partially sink into the Mississippi River, throwing Claimants, along with multiple other passengers and/or crewmembers of the M/V AMERICAN HERITAGE overboard into the Mississippi River, not knowing if they were going to live or die.

8.

As a result of the allision, each Claimant suffered significant and life changing physical, mental, and emotional injuries to their minds and bodies.

9.

Limitation Petitioners are truly and justly indebted to Claimants herein for any and all damages sustained as a result of a series of events that occurred both along and within the territorial waters of the United States of America, State of Louisiana, on November 13, 2026, which ultimately led to the serious injuries of Claimants.

10.

The injuries sustained by Claimants were caused by the fault, negligence, carelessness, and omission of duty on the part of Limitation Petitioners and the unseaworthiness of the asphalt tanker M/T ATLANTIC ASPHALT; without any fault, negligence, carelessness, and omission of duty on the part of Claimants causing, and/or contributing thereto.

11.

The unfortunate events that transpired on November 13, 2026, involving the M/T ATLANTIC ASPHALT's allision with the M/V AMERICAN HERITAGE resulted in severe and life-changing injuries to Claimants, and such injuries were caused solely and exclusively by the negligence, gross negligence, carelessness and/or fault of Limitation Petitioners (and potentially other parties not yet identified with responsibility for the operation, condition, crewing, and seaworthiness of the M/T ATLANTIC ASPHALT) in the following non-exclusive particulars, all of which were within the privity and knowledge of Limitation Petitioners, their principals, agents, and/or employees:

a. The M/T ATLANTIC ASPHALT was unseaworthy;
b. The M/T ATLANTIC ASPHALT's crew was incompetent and/or improperly trained;
c. Nave Shipping and/or Thome negligently entrusted the M/T ATLANTIC ASPHALT to a master and crew that it knew was incapable of safely operating the vessel;
d. The crew of the M/T ATLANTIC ASPHALT and its management and owners were negligent in their operation of the vessel;
e. Nave Shipping and/or Thome failed to operate the M/T ATLANTIC ASPHALT with reasonable caution;
f. Nave Shipping and/or Thome failed to account for natural forces such as wind and current to make proper and judicious use of proper navigational techniques to safely maneuver the M/T ATLANTIC ASPHALT;
g. Nave Shipping and/or Thome failed to provide proper and adequate equipment to the captain and his fellow crewmembers to properly perform their duties and/or properly navigate the M/T ATLANTIC ASPHALT;
h. Nave Shipping and/or Thome failed to maintain the M/T ATLANTIC ASPHALT and its equipment and/or appurtenances in a safe and reasonable state of repair;
i. Nave Shipping and/or Thome failed to perform adequate safety meetings and analyses to identify and minimize the risk to Claimants and others in case of a steering failure;
j. Nave Shipping and/or Thome failed to assess the conditions of the Mississippi River prior to dispatching the M/T ATLANTIC ASPHALT from port;
k. Nave Shipping and/or Thome failed to have an emergency plan in the event the captain and/or crew loses control of the vessel;
l. Nave Shipping and/or Thome failed to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Claimants;
m. Nave Shipping and/or Thome failed to observe the standard of good and prudent

seamanship and to exercise and to exercise reasonable care to avoid the allision and the Incident; and

n. Other negligent acts, omissions, and unseaworthy conditions imputed to Nave Shipping and/or Thome which will be established at the trial of this matter.

12.

At all times pertinent hereto, the M/T ATLANTIC ASPHALT was unseaworthy in one or more of the following respects, to-wit:

a. The vessel and all of its equipment and/or appurtenances were not safe for the performance of the operations in question;
b. The vessel and all of its equipment and/or appurtenances were not reasonably fit for its intended purpose;
c. The vessel and all of its equipment and/or appurtenances were inadequately maintained;
d. The M/T ATLANTIC ASPHALT's crew was incompetent and/or improperly trained; and
e. Other unseaworthy conditions to be determined at a trial of this action.

13.

Claimants' aforementioned damages were proximately caused by the fault of Limitation Petitioners and/or the unseaworthiness of the M/T ATLANTIC ASPHALT.

14.

The M/T ATLANTIC ASPHALT, Nave Shipping and Thome also had a statutory duty to comply with (inter alia) the Inland Navigation Rules (33 C.F.R. 83.01 et seq.). *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873). Limitation Petitioners breached that duty by, among other things, failing to use all available means to avoid the risk of allision and by other acts or omissions which will be shown at trial. These acts or omissions, as well as other violations of statutory safety or navigational rules (to be determined as investigation continues) caused (and presumptively caused pursuant to the *Pennsylvania* Rule), the M/T ATLANTIC ASPHALT to allide with the M/V AMERICAN HERITAGE and subsequently cause injuries to Claimants.

15.

A presumption of fault also arises when a vessel allides with a stationary object. *The Oregon*, 158 U.S. 186 (1895). That presumption is implicated here because the M/T ATLANTIC ASPHALT struck the M/T AMERICAN HERITAGE in her moorings, and in turn injured Claimants who were crew members aboard the M/T AMERICAN HERITAGE at the time of the allision.

16.

Under The *Louisiana* Rule, a presumption of fault also arises when a vessel drifts into an allision with a stationary object. *The Louisiana*, 70 U.S. (3 Wall.) 164 (1866). That presumption is implicated here because the M/T ATLANTIC ASPHALT struck and/or drifted into the M/V AMERICAN HERITAGE in her moorings, and in turn injured Claimants who were crew members aboard the M/V AMERICAN HERITAGE at the time of the allision.

17.

As set forth above, Limitation Petitioners knew or should have known of the unseaworthiness of the M/T ATLANTIC ASPHALT and/or the negligent conduct of the Limitation Petitioners and their employees, agents, and crew that caused the Incident and those facts were thus within Limitation Petitioners' privity and knowledge prior to the voyage giving rise to the Incident.

18.

Likewise, the M/T ATLANTIC ASPHALT was known by the owner and/or owner *pro hac vice* thereof to be unseaworthy and said condition or conditions of unseaworthiness existed at or before the commencement of the casualty voyage.

19.

For the reasons stated herein, Limitation Petitioners cannot limit their liability, and are not eligible for the protections and procedures set forth in the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

20.

Because the acts of negligence that caused the Incident and that are complained of herein were fully preventable and within the privity and knowledge of the Limitation Petitioners, and because the Incident was the product of the Limitation Petitioners' gross negligence and wanton and reckless behavior, Claimants are further entitled to punitive and exemplary damages, including under the general maritime law.

21.

Claimants further affirmatively plead the doctrine of *res ipsa loquitur* in that the incident and injuries and damages would not have occurred in the absence of the negligence of the Limitation Petitioners and/or the unseaworthiness of the M/T ATLANTIC ASPHALT.

22.

As a result of the foregoing, Nave Shipping, Thome (and potentially other parties not yet identified with responsibility for the operation, condition, crewing and seaworthiness of the M/T ATLANTIC ASPHALT) are solidarily liable for all damages sustained by Claimants as described herein.

23.

As a result of the incident described herein, Claimants, Tashika McKnight, Lequan Askew, Paulina Ward, Zayvon Strozier, Ashley Colis, Matthew Horensten, and Nicholas Baldwin are entitled to recover the following non-exclusive damages:

a. Past and future physical pain and suffering;

b. Past and future mental pain and suffering;

c. Past and future emotional pain and suffering;

d. Past and future medical expenses;

e. Fear of impending doom;

f. Lost wages;

g. Lost business opportunities;

h. Punitive damages as available under the general maritime law; and

i. Other elements of damages to be shown at the trial of this matter.

24.

Claimants hereby request a trial by jury on all issues raised herein to the extent allowable by law.

25.

These claims are being made under protest and without prejudice to Claimants' position that this limitation action is improper and should be dismissed.

26.

**WHEREFORE,** Claimants, Tashika McKnight, Lequan Askew, Paulina Ward, Zayvon Strozier, Ashley Colis, Matthew Horensten, and Nicholas Baldwin pray that this Court deny Limitation Petitioners' exoneration from and/or limitation of liability, dismiss Limitation Petitioners' Limitation Complaint with prejudice and allow Claimants to proceed with their claims in a court or forum of their choosing or, alternatively, enter judgment against Limitation Petitioners and in favor of Claimants for all damages, including all general and equitable relief and exemplary

and punitive damages to which Claimants may be entitled under the facts and circumstances of this casualty.

Respectfully Submitted,

*/s/ Hugh P. Lambert*
Hugh P. Lambert (La. Bar #7933)
J. Christopher Zainey, Jr. (La. Bar #32022)
Jacki L. Smith (La. Bar #34769)
Brian J. Mersman (La. Bar #38624)
Madison Medver (La. Bar #41863)
Lambert, Zainey, Smith, & Soso, APLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@lambertzainey.com
czainey@lambertzainey.com
jsmith@lambertzainey.com
bmersman@lambertzainey.com
mmedver@lambertzainey.com

AND

MILLER THIBODEAUX DYSART
VEITH & PASCHAL, LLC

*/s/ Kerry J. Miller*
Kerry J. Miller (#24562), T.A.
Daniel J. Dysart (#33812)
Rebekka C. Veith (# 36062)
Monica L. Bergeron (#39124)
Stephanie Wartelle (#40095)
643 Magazine Street, Suite 405
New Orleans, LA 70130
Telephone: (504) 977-9150
Facsimile: (504) 977-9151
kmiller@mtdvp.com
ddysart@mtdvp.com
rveith@mtdvp.com
mbergeron@mtdvp.com
swartelle@mtdvp.com

*Attorneys for Claimants*